UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PHILLIP D. MITCHELL,

        Plaintiff,               Case No. 1:08-cv-929

v.                                           Honorable Robert J. Jonker

SHIRLEE HARRY,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Phillip D. Mitchell presently is incarcerated with the Michigan Department of Corrections and housed at the Muskegon Correctional Facility (MCF).  He sues MCF Warden Shirlee Harry.

The allegations of the complaint are extremely limited.  From the complaint and the attachment it appears that, on June 2006, a money order in the amount of $850.00 was received by one of the MDOC facilities for placement in Plaintiff's prisoner trust account.  After the money had been deposited by the MDOC into Plaintiff's trust account, the money order was rejected by the bank as an apparent counterfeit postal money order.  A Notice of Hearing was issued on July 21, 2006, proposing that the $850.00 be removed from Plaintiff's account.  Plaintiff alleges that he was never charged with a crime and was never proven to have participated in the fraudulent-deposit scheme.  Since that time, however, Plaintiff has been placed on a restriction limiting his prisoner account balance to a maximum of $10.00 per month.  Plaintiff contends that the limitation violates his constitutional rights.

Plaintiff seeks injunctive relief lifting the restriction on his prisoner account.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements

to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not identify which constitutional right allegedly is infringed by the account restriction. Arguably, he raises claims under the Eighth Amendment and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

### A.     Eighth Amendment

To the extent that Plaintiff argues that the limitation on his prison account violates the Eighth Amendment, his claim is without merit. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*,

452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff makes no allegations that he is deprived of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. His allegations suggest only that he would like to have more than $10.00 each month to spend in the prison store. Plaintiff's allegations fall far short of demonstrating an Eighth Amendment violation.

### B.     Equal Protection

In the alternative, Plaintiff's allegations may be construed to raise a claim under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Petitioner does not suggest that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604

(6th Cir.1998). In addition, the courts have never held that prisoners have a fundamental constitutional right to possess spending money under the Constitution.

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

A rational basis for the different treatment clearly exists in the instant case. As Plaintiff acknowledges in his complaint, a counterfeit postal money order was deposited to Plaintiff's prisoner trust account. Even if the prison lacked evidence that Plaintiff participated in the fraud, it certainly was aware that individuals had acted intentionally to benefit Plaintiff by way of fraudulent instruments. It was clearly rational for the prison to limit its own exposure to loss in the event that future counterfeit postal money orders were sent for deposit to Plaintiff's account.

### C. Procedural Due Process

Plaintiff suggests that he has been deprived without due process of his right to possess more than $10.00 in his prisoner account in any given month. Plaintiff does not allege that any property was taken from him without due process of law. Instead, he suggests that his conditions

of confinement are less comfortable and his liberty interest is impaired by the limitation on the amount of money that he may have and use in a given month.

"Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Procedural due process claims require that the plaintiff have a "legitimate claim of entitlement" with an independent source, such as state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005).

The limitation on the amount that Plaintiff may have in his prisoner trust account during a given month does not rise to the level of an atypical and significant hardship in relation to the ordinary incidents of prison life. Because Plaintiff's basic needs are provided by the prison, the availability of $10.00 per month for discretionary spending does not create a significant hardship.

Moreover, as previously discussed, Plaintiff has no identifiable constitutional right to possess a prison account, and undoubtedly many prisoners receive no monthly deposits to their prisoner trust accounts or have no account balances at all. As a result, Plaintiff's allegations do not demonstrate that the limitation placed on Plaintiff is atypical.

In sum, Plaintiff has no liberty interest at issue because the limitation on the amount of his prison trust account does not constitute an atypical nor significant deprivation. Because he has no liberty interest in a larger trust account, Plaintiff fails to state a procedural due process claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   January 26, 2009            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE